NO. 07-04-0084-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 21, 2004



______________________________




B. T. HEALTH CARE, INC., D/B/A BENDER TERRACE, APPELLANT



V.



THURMAN HONEYCUTT, AS EXECUTOR AND REPRESENTATIVE


OF THE ESTATE OF RONALD HONEYCUTT, APPELLEE



_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY, TEXAS



NO. 2002-516,937; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Appellant B. T. Health Care, Inc., d/b/a Bender Terrace, is appealing a judgment
from a jury trial. The judgment was signed on December 17, 2003. The trial court clerk's
record was filed on April 22, 2004 and a supplemental clerk's record was filed on April 29,
2004 and May 4, 2004. The court reporter's record originally was due to be filed on April
15, 2004.

 On April 16, 2004, the court reporter requested an extension of time and was
granted until May 17, 2004. On May 26, 2004, the court reporter requested a second
extension of time and was granted until June 21, 2004. On July 20, 2004 this Court issued
a letter asking for a status report to be filed by the court reporter, Deborah Reeves. The
Court directed the status report be filed no later than Friday, July 30, 2004. On August 12,
2004, the court reporter responded by filing a 3rd motion for extension of time, without
specifying a date to which the extension was required, but stating that she would try to
complete the record by September 1, 2004. On September 10, 2004, this Court abated
the appeal and remanded the cause to the 99th District Court of Lubbock County to conduct
a hearing to determine:


 
 whether Deborah Reeves was able to prepare and file the reporter's record
within 30 days from the date of hearing; or 
 
 whether the trial court should appoint a deputy reporter to prepare and file
the reporter's record within 30 days from the date of hearing.


 

 The trial court held a hearing on the status of the transcript production on
September 17, 2004. At the conclusion of the hearing, the trial court entered findings of
fact and conclusions of law. The trial court concluded that Deborah Reeves would be able
to complete the record within 30 days of the hearing, and that a deputy reporter was
unnecessary for the completion of the record. On October 4, the court reporter filed a
fourth request for an extension, without indicating the length of extension being requested. 
The request simply states that the record is incomplete, and that she is "waiting for the
transcription of the last jury note and verdict from another reporter and final payment." 
The request for extension is denied.

 Accordingly, we order Deborah Reeves, official court reporter for the 99th District
Court of Lubbock County, to transcribe and file with the Clerk of this Court a reporter's
record as required by the Texas Rules of Appellate Procedure and encompassing trial
court number 2002-516,937. The record shall include all argument, evidence, and exhibits
presented to the court during trial, as well as any pretrial and post-trial hearings conducted
in said cause. We further order Deborah Reeves to file the reporter's record in a manner
by which it will be actually received by the Clerk of this Court on or before 5:00 p.m. on
October 29, 2004. No further motions for extension of time will be considered. Failure
to file the reporter's record as directed by this Court's order may result in one or more of
the following: 


 A hearing requiring Deborah Reeves to show cause why she should not be held in
contempt; 
 A complaint to the Court Reporter's Certification Board; 
 Appropriate sanctions; or 
 Abatement to the trial court for appropriate action. 


 

 It is so ordered. 

 Per Curiam